# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**MARIAN SELLERS,**

    **Plaintiff,**

vs.                                                                            **CASE NO. 1:06CV06-MMP/AK**

**MICHAEL J. ASTRUE,**[1]
**Commissioner of Social Security**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

A.    **PROCEDURAL HISTORY**

Plaintiff filed an application for SSI on March 11, 2001, alleging a disability onset date of March 15, 2001, because of back pain, anger, anxiety and depression. Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on February 19, 2004, and entered an unfavorable decision on May 25, 2004. The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner. This action followed.

B.    **FINDINGS OF THE ALJ**

The ALJ found that Plaintiff had a disorder of the spine, an affective disorder, an anxiety disorder, and Hepatitis C, which were severe within the meaning of the Act, but which did not meet any requirement of any Listing of Impairments. (R. 20). The ALJ found that Plaintiff had the RFC to perform light to sedentary work lifting up to 20 pounds, with a sit/stand option sitting for 3 minutes and standing for 30 minutes, with no climbing ladders or unprotected heights, no heavy moving machinery, no unusual stress, with occasional bending, crouching, kneeling, stooping, squatting and crawling. (R. 23). A vocational expert testified that Plaintiff could return to her past relevant work as a telephone operator, and under the Medical-Vocational Guidelines, she was not disabled, and could also perform the job requirements of a number of other jobs such as order clerk, surveillance systems monitor, ticket taker, and ticket seller. (R. 24-25).

**No. 1:06CV06-MMP/AK**

**C.     ISSUES PRESENTED**

Plaintiff argues that the ALJ did not adequately articulate his reasons for rejecting her subjective complaints about pain and the evidence supports her complaints.

The government responds that the ALJ clearly based his credibility determination on the fact that although there was evidence of an underlying medical condition, there was no objective evidence to confirm that her pain was so severe that it would be disabling. (R. 21). Further, the ALJ specifically relied upon the treatment notes of Plaintiff's treating physician, who treated her conservatively and restricted her only to 20 pounds lifting with no repetitive bending or stretching. (R. 14-16). The ALJ also based his determination on the findings of the consultative examiner, Dr. Nazario, who diagnosed PTSD, early onset bi-polar, with a recent episode of depression. (R. 17).

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

**D.     STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court. The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). "Substantial evidence" has been defined to mean "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). It is more than a scintilla, but less than a preponderance. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996). It must determine only if substantial evidence supports the findings of the Commissioner. See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam). Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

     A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that claimant

**No. 1:06CV06-MMP/AK**

is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary.  Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work.  If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform.  Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner.  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).  It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final

**No. 1:06CV06-MMP/AK**

decision with or without remand. 42 U.S.C. § 405(g); <u>Myers v. Sullivan</u>, 916 F.2d 659, 676 (11th Cir. 1990).

E.   **SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

Medical evidence established that Plaintiff has a back condition, spondylolisthesis, confirmed by x-ray and MRI, which is probably congenital. (R. 156-158, 321). Her primary treating physician for this condition, Dr. Rigoberto Puente-Guzman, treated her conservatively with pain medication, and suggested a tens unit and physical therapy. (R. 222-249, 292-302). Plaintiff did not purchase a tens unit and declined physical therapy because it interfered with her schedule in taking care of her disabled child. Narcotic pain medication was eventually discontinued because she refused a drug screen. Dr. Puente-Guzman referred Plaintiff to Dr. Patrick Jacob, a neurosurgeon who recommended surgery, which she also declined. (R. 303-415).

Plaintiff's mental health treatment was primarily managed by medication through Meridian Behavior Healthcare, where she was diagnosed with bi-polar disorder. (R. 250-292). She reported to other health care professionals that she had stopped taking her Lithium or any other medication for depression and bi-polar. (R. 298, 389, 391).

A consultative examination was conducted by Dr. Nazario who found her to have Post Traumatic Stress Disorder and bi-polar disorder, with depression her most recent episode, but noted her ongoing treatment at Meridian and deferred her disability determination to her medical doctors. (R. 164-167).

**No. 1:06CV06-MMP/AK**

Two Psychiatric Reviews are in file, both finding her only mildly to moderately limited by her mental conditions.  (R. 168-185, 202-221).

Two Physical RFCs are also in file, one assessing her with no limitations and at a medium exertional level, with the other finding her capable of light work, occasionally limited in her postural abilities.  (R. 186-193, 194-201).

**F.      SUMMARY OF THE ADMINISTRATIVE HEARING (held February 19, 2004)**

Plaintiff was 33 years old at the time of hearing and lived with her husband and three children ages 14, 11, and 7.  (R. 419-420).  She completed her GED.  (R. 420). Her primary complaints are that she is in pain and depressed, which "causes me to do things I don't need to do." (R. 420).  She takes several drugs for the Hepatitis C, plus Lortab and Vioxx.  (R. 422).  Her last job was as a cashier at Hardee's and she did not have to lift anything of any significance, but quit because she thought they were going to fire her for being angry.  (R. 423-424).  Her daily activities include laundry, dishwashing, making the bed, sweeping, mopping, watching t.v., spending time on the computer and taking care of her children.  (R. 424-427).  She takes breaks while she works around the house, alternating between sitting and walking around.  (R. 441).  She shops at the grocery store once a week, goes to church once a week, visits with friends a few times a month, and drives every day picking her children up from school.  (R. 427-430).  She also takes care of all her personal needs.  (R. 430).

Plaintiff describes her back pain as shooting up her back, making her legs throb, and her feet hurt.  (R. 432).  Her previous job required her to stand all day and by one

hour to an hour and a half she would be in pain. (R. 433). She could probably sit continuously for two hours. (R. 435). The pain level is a 7 on a scale of 10. (R. 435). She was convicted of manslaughter and served three years when she was a teenager. (R. 433, 442). The anger she feels makes her want to do things to others and the incident resulting in her prison term is an example. (R. 432). When she gets angry she hears voices telling her to do "things." (R. 438). She does not listen to the voices any more. (R. 439). Plaintiff explains that she has not had the surgery as suggested because she smoked cigarettes and they would not perform the surgery on her while she was smoking, and then she quit for a period of time and her doctor told her there was no guarantee that the surgery would make things better, so she elected not to do it. (R. 436).

A vocational expert testified and was asked to assume a 33 year old with a GED, able to perform light work, limited by the need to avoid ladders and unprotected heights, to avoid the operation of heavy moving machinery, to avoid unusual stress, and that she could occasionally bend, stoop, crawl, kneel or crouch, with a sit/stand option. (R. 445-446). With this hypothetical given to him, the expert testified that she could perform her past relevant work as a telephone answering service operator, and that there were numerous other jobs which she could perform such as food and beverage order clerk, surveillance system monitor, ticket taker, and ticket seller. (R. 446-447). In response to inquiry from Plaintiff's attorney, the expert testified that if a person required 15 minute breaks and had no control over when she would need to take them, then there would be

**No. 1:06CV06-MMP/AK**

no jobs she could perform.  (R. 454).  Also, the expert testified that if she had pain so bad that she not only had to stand up and stretch, but physically leave the work area, then no jobs could be performed.  (R. 454-456).

## G. DISCUSSION

Pain and other subjective symptoms are treated by the regulations as symptoms of disability.  Title 20 C.F.R. § 404.1529 provides in part that the Commissioner will not find disability based on symptoms, including pain alone, "unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce these symptoms."  Accord 20 C.F.R. § 416.929.  In Hand v. Heckler, 761 F.2d 1545, 1549 (11th Cir. 1986), the Eleventh Circuit adopted the following pain standard:

> There must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

The Eleventh Circuit continues to follow the Hand test.  Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991); Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991); Martin v. Railroad Retirement Bd., 935 F.2d 230, 233 (11th Cir. 1991).  "While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself."  Elam, 921 F.2d at 1216.  The court has held that "[p]ain alone can be disabling, even when its existence is unsupported by objective evidence."  Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992), citing Walker v.

**No. 1:06CV06-MMP/AK**

Bowen, 826 F.2d 996, 1003 (11th Cir. 1987).  Standing alone, however, a claimant's testimony of pain is not conclusive evidence of disability.  Macia v. Bowen, 829 F.2d 1009, 1011 (11th Cir. 1987).  If the Commissioner rejects a claimant's allegations of pain, he must articulate explicit and adequate reasons, and these reasons must be based on substantial evidence.  Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987).  The failure to articulate adequate reasons for discrediting pain testimony mandates that the testimony be accepted as true as a matter of law.  Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

  The ALJ in the present case not only cites to the Eleventh Circuit standard, he applies it by stating that the evidence supports a medically determinable impairment that could reasonably be expected to produce pain, but the evidence does not support the intensity and persistence of the pain alleged.  (R. 21).  The ALJ notes that Plaintiff has a wide range of daily activities that would be compatible with competitive work, that none of her treating physicians suggested that she could not work, and that there was evidence that Plaintiff was not compliant with suggested treatment modalities and medication regimens.  (R. 22-23).

  Although the ALJ acknowledged that Plaintiff had a condition that would produce pain, he did not include any pain in his hypothetical to the vocational expert.  However, the ALJ need not include pain as a nonexertional impairment unless it *significantly* limits basic work activities.  See Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995) (emphasis added).  The ALJ included the need for a sit/stand option in his hypothetical

**No. 1:06CV06-MMP/AK**

to accommodate a certain degree of pain as described by Plaintiff.  This Court is limited on review to determining whether there was substantial evidence to support the ALJ's decision, and since the ALJ articulated the bases for his findings and cited to the record in support thereof, his decision should be affirmed.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this **13th** day of April, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:06CV06-MMP/AK**